UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AISHA TYLER,

    Plaintiff,

v.

Case No. 17-13740

Hon. John Corbett O'Meara

LAW OFFICES OF TIMOTHY
E. BAXTER & ASSOCIATES, P.C.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO REQUIRE PLAINTIFF TO COMPLY WITH LR 83.20(f)

Defendant seeks an order compelling Plaintiff to comply with Local Rule 83.20(f), which requires attorneys who are not active members of the State Bar of Michigan to retain local counsel. Plaintiff requests that the court waive this requirement.

Plaintiff filed this action on November 17, 2017. Plaintiff's counsel is based in New Jersey and is not a member of the State Bar of Michigan. Defendant answered the complaint on January 31, 2018. The court held a scheduling conference on March 1, 2018. On March 5, 2018, Defendant filed its motion requiring Plaintiff to retain local counsel; Plaintiff filed her application to be relieved of this requirement the same day. Subsequently, local counsel has appeared on behalf of Plaintiff; however, Plaintiff continues to seek a waiver.

Local Rule 83.20 provides:

> A member of the bar of this court who appears as attorney of record in the district court and is not an active member of the State Bar of Michigan must specify as local counsel a member of the bar of this court with an office in the district. Local counsel must enter an appearance and have the authority and responsibility to conduct the case if non-local counsel does not do so. On application, the court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel.

Id. Plaintiff seeks a waiver of the local counsel requirement to avoid additional costs and expenses, which may serve to hinder resolution of the case. The court is not persuaded that Plaintiff's desire to avoid additional costs warrants a waiver of the local counsel requirement under these circumstances. Plaintiff was aware of the local counsel requirement, but delayed almost four months in seeking a waiver. See Jones v. CMB Servs., Inc., No. 17-13304, Docket No. 10 (order for Plaintiff's counsel to secure local counsel dated 12/6/17). Moreover, courts in this district have recognized the important purposes served by the rule:

> If the only purpose for requiring local counsel were to have "a member of the bar of this court have an office within the district upon whom service of all papers may be made," E.D. Mich. LR 83.20(f), there would be no sense in maintaining this requirement alongside the recent requirement that all attorneys be electronic filers and thus able to receive such notices, etc., virtually instantly. There are, however, other purposes. Physical proximity and accessibility for case preparation events (e.g., depositions) is one; ready availability to the court for conferences or hearings is another; familiarity with

2

> the Local Rules and the local legal culture is yet another.
> The ability of the court to easily monitor and govern the
> behavior of its attorneys is not unimportant.

Belle v. Sunbeam Prods., Inc., 2009 WL 3757059 at *1 (E.D. Mich. Nov. 9, 2009).

For these reasons, the court will require Plaintiff to continue to retain local counsel. The court will deny Defendant's request for costs and attorney's fees.

IT IS HEREBY ORDERED that Defendant's motion to require Plaintiff to comply with LR 83.20(f) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion to be relieved of the local counsel requirement is DENIED.


Date: March 21, 2018                    s/John Corbett O'Meara
                                        United States District Judge


I hereby certify that on March 21, 2018 a copy of this order was served upon counsel of record using the ECF system.

                                        s/William Barkholz
                                        Case Manager